IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLTON G. SUTTON,              ) | |
| )| |
| Plaintiff,              ) | |
| )| |
| v.              ) | CIVIL ACT. NO.  2:10cv802-CSC |
| )| (WO) |
| PROGRESSIVE DIRECT INSURANCE  ) | |
| COMPANY and BILL LONG              ) | |
| )| |
| Defendants.              ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Carlton Sutton ("Sutton") filed this action in the Circuit Court of Barbour County, Alabama on August 24, 2010, alleging breach of contract, fraud, fraudulent suppression, bad faith refusal to pay, bad faith failure to investigate and negligent or wanton failure to secure insurance against defendants Progressive Direct Insurance Company ("Progressive") and Bill Long ("Long").

On September 23, 2010, the defendants removed the case to this court solely on the basis of diversity of citizenship jurisdiction.  *See* 28 U.S.C. § 1441 and 28 U.S.C. § 1332. A defendant may remove to federal court any civil action over which the court would have original jurisdiction. 28 U.S.C. § 1441(a).  This court has jurisdiction over actions involving citizens of different states provided that all plaintiffs are diverse from all defendants, *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b).  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case

and ordering the entry of final judgment.

The plaintiff filed a motion to remand (doc. # 10) on the basis that the defendants failed to establish the requisite amount in controversy, and there is not complete diversity of the parties.[1] Also pending before the court is the parties' joint motion to allow remand (doc. # 26).

Although the defendants removed this case on the basis that the amount in controversy in this case exceeds $75,000, the parties have reached an agreement to remand this case to state court. In support of his motion to remand, Sutton filed an affidavit, in which he affirmed that he will not ask, seek, nor accept damages for more than $74,000. Therefore, based on Sutton's affidavit and the representation of counsel that the Plaintiff does not seek and will not accept more than $74,000 in damages, this court finds that the amount in controversy does not exceed $75,000. Because the requisite amount in controversy is not present in this case, this court lacks diversity jurisdiction. The court emphasizes that it has relied on the representations of the plaintiff and his counsel in concluding that the court lacks diversity jurisdiction. The court finds their representations to be binding on the plaintiff, his heirs, representatives and assigns.

For reasons discussed, the plaintiff's motion to remand (doc. # 10) and the parties'

---

[1] Also pending before the court is defendant Long's motion to dismiss which, because it relied on matters outside the pleadings, the court converted into a motion for summary judgment (doc. # 3), and the plaintiff's motion stay consideration of the motion to dismiss (doc. # 12). The parties requested that the court grant the motion to dismiss prior to granting the motion to remand. The parties also requested that the court retain jurisdiction over this matter to address any issues related to the agreed upon motion to remand. *See* Doc. # 26. However, because the court concludes that it does not have jurisdiction over this matter, it does not have jurisdiction to grant the motion to dismiss, motion to stay or to retain jurisdiction over this matter.

joint motion to allow remand (doc. # 26) be and are hereby GRANTED and that this case be and is hereby REMANDED to the Circuit Court of Barbour County, Alabama.

It is further

ORDERED that oral argument presently set for January 25, 2011, be and is hereby CANCELED.

The Clerk of the Court is DIRECTED to take the action necessary to accomplish the remand of this case to the Circuit Court of Barbour County.

Done this 20th day of January, 2011.

                                         /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE